IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Ray Stedman,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>State of Arizona, et. al.,<br><br>　　　　　Respondents. | No. cv-10-557-TUC-AWT (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Charles Ray Stedman ("Petitioner") filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2241, 2242, 2251, 2254 filed on October 27, 2010. (Doc. 8). Respondents filed an Answer to the Amended Petition on April 7, 2011. (Doc. 15). Petitioner subsequently filed a Reply. (Doc. 16). On February 13, 2012, Petitioner's counsel filed a Motion to Dismiss the Amended Petition as Moot stating his belief that Petitioner passed away in August 2012. (Doc. 18). The Court subsequently ordered Respondents to determine whether Petitioner was still in custody. (Doc. 19). On April 3, 2013, Respondents notified the Court that Petitioner did pass away in August 2012 and was therefore, no longer in custody. (Doc. 20; Doc. 20-1).

In his Amended Habeas Petition, Petitioner was seeking release from custody.[1] Because there is no relief the court can grant Petitioner given his untimely death, his habeas petition is rendered moot. *See Garceau v. Woodford,* 399 F.3d 1101 (9th

---

[1] Petitioner was released on his own recognizance subject to certain mandatory conditions pending trial in his criminal case in state court. A defendant who is released on bail or on his own recognizance is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) and § 2254(a). *Hensley v. Municipal Court*, 411 U.S. 345 (1973).

Cir.2005) (habeas petitioner's death resulted in dismissal of case as moot); *Griffey v. Lindsey,* 349 F.3d 1157 (9th Cir.2003) (habeas petition dismissed as moot where petitioner died during pendency of appeal). The Magistrate Judge will therefore recommend that the Amended Petition be dismissed with prejudice.

**Recommendation**

The Magistrate Judge recommends **GRANTING** the Motion to Dismiss Case (Doc. 18), **DISMISSING WITH PREJUDICE** the Amended Petition for Writ of Habeas Corpus (Doc. 8), and **DENYING AS MOOT** Petitioner's counsel's Motion to Withdraw and Attorney. (Doc. 17).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: cv-10-557-TUC-AWT.

Dated this 4th day of April, 2013.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE